## Hollis v. Hollis

C.P. of Berks County, no. 1129-91 A.D.

*Thomas G. Parisi,* for plaintiffs.
*Matthew E. Fisher,* for defendant Timothy T. Hollis.
*Barry W. Kerschner,* for defendant Amy E. Mastrangelo.
*Jeffrey J. Howell,* guardian ad litem for minor child.

GRIM, *J.,* May 10, 1996—This case is before the court on petitions for contempt filed by Timothy T. Hollis and Robert and Theresa Hollis against Amy E. Mastrangelo. The following are the pertinent facts and procedural history.

On December 15, 1995, the court found Timothy T. Hollis, Father, in contempt of the underlying custody order. To purge himself of the contempt, Father was ordered, inter alia, to provide Amy E. Mastrangelo, Mother, with 500 hours of compensatory time and to pay counsel fees of $2,950. Father appealed the order; however, he has agreed to provide Mother with the 500 hours of compensatory time.

On December 18, 1995, Mother informed Father by letter that she was taking some of her compensatory time during a period from December 21, 1995, to December 28, 1995. On December 20, 1995, Father notified Mother by letter that he was not agreeable to her requested periods. Mother, nevertheless, kept the child, Elizabeth, for the requested periods against Father's wishes.

Father requests the court to hold Mother in contempt for keeping the child during this period without his approval.

On January 7, 1996, a blizzard occurred during Mother's period of partial physical custody. Father was to receive custody of the child on January 9, 1996. Mother informed him on that day at 7:45 a.m. that she would not be returning the child to him due to the bad road conditions. Father told her that if she did not return Elizabeth, then she would have to use her compensatory time. Mother agreed to do so and said that she would return the child on January 10, 1996. Robert Hollis, Grandfather, agreed that the road conditions were bad on January 9, 1996.

On January 10, 1996, Mother still had not returned Elizabeth. She told Father on that day that she was using more compensatory time. Father and Grandfather did not agree to this because they believed that the road conditions were satisfactory. Between 9:30 a.m. and 10 a.m., Grandfather and others arrived at Mother's house to pick up Elizabeth. No one answered the door. Grandfather then called Mother from his cellular telephone. Mother answered the telephone but refused to allow them to take the child.

Between 3:30 p.m. and 4 p.m., Grandfather and members of his family again drove to Mother's residence for the purpose of taking pictures of the condition of the roads. The court notes that the pictures depict that the roads at that time were in good condition. No attempts were made to retrieve Elizabeth during the second trip.

On January 11, 1996, Mother returned Elizabeth to Father at 9 a.m. Father wants the court to hold Mother in contempt for retaining custody of Elizabeth from 9 a.m. on January 9, 1996, until 9 a.m. on January 11, 1996.

Father also seeks counsel fees of $1,598.

When the court ordered the compensatory time, it, perhaps naively, assumed that the parties would mutually decide when those hours would occur. Obviously, however, these parties do not possess the requisite maturity to cooperate in order to do this. Neither party is in a superior position to the other. If they cannot agree or compromise in their selections, their recourse is to seek court intervention. When Mother discovered that Father did not agree to the compensatory time she wanted at Christmas, she should have petitioned the court for relief, not used self-help. Since Mother chose to ignore Father's wishes and acted unilaterally in not following the custody schedule under the order, she violated the order. Therefore, the court finds her in contempt and awards Father a credit for those hours from the remaining compensatory time awarded to Mother.

The court will now address the issue of Mother's retaining custody of Elizabeth during the period following the January blizzard. It is uncontroverted that Father informed Mother on January 9, 1996, that if she did not return Elizabeth on that day she would have to use her compensatory time and that she agreed to his directive. Thus, the parties, albeit reluctantly, reached an accord about Mother's continued custody of the child on January 9, 1996. Father cannot now ask for Mother to be held in contempt for not returning Elizabeth on that day.

On January 10, 1996, when Mother notified Father that she was keeping Elizabeth and using more of her compensatory time, Father never acquiesced to the arrangement. Mother had to be certain of Father's disapproval when Grandfather came to her residence to pick up the child. At that point Mother's continued retention of Elizabeth was in blatant violation of the custody order. Therefore, the court will award Father an additional credit of 24 hours for this period of time.

To ensure that there is no further conflict regarding Mother's compensatory time, the court will implement a method of determining when the remaining compensatory time allotted to Mother should be taken. Mother unilaterally has taken 131 hours of her compensatory time without Father's approval, leaving 369 remaining hours. Since Father gets a credit for 131 hours, Mother's remaining compensatory time is 238 hours.

The court will award Father counsel fees as a credit against those owed to Mother. The bill for fees shows that on January 9, 1996, Father had a telephone consultation with his attorney concerning the return of the child. Since the parties reached an agreement concerning Mother's retention of Elizabeth the court will deduct this portion of the fees from the award.

In accordance with the foregoing opinion, the court enters the following order.

## ORDER

And now, May 10, 1996, after hearing, argument, and consideration of the record, the court finds that Mother, Amy E. Mastrangelo, is in contempt of the custody order of this court by retaining custody of the minor child, Elizabeth Hollis, as follows:

(1) From 9 a.m. on December 21, 1995, to 6 p.m. on December 22, 1995 (33 hours);

(2) From 9 a.m. on December 23, 1995, to 11 a.m. on December 24, 1995 (26 hours);

(3) From 9 a.m. on December 26, 1995, to 9 a.m. on December 28, 1995 (48 hours);

(4) From 9 a.m. on January 10, 1996, to 9 a.m. on January 11, 1996 (24 hours).

Father, Timothy T. Hollis, is awarded a credit of 131 hours towards Mother's remaining 369 hours of compensatory time and a credit of $1,559.75 towards payment of Mother's counsel fees.

Mother's remaining 238 hours of compensatory time shall be selected as follows:

(1) Each party shall submit a list of dates and times to the other party within 20 days of receipt of this order. No selection shall include a period longer than 168 hours.

(2) The parties shall attempt to reach a compromise of their selections.

(3) Failing an agreement, Mother's first selection has priority, Father's first selection has second priority. The parties shall alternate their selections until the 238 hours are exhausted.

It is further ordered that within five days of receipt of this order, Mother, Father, Kelly Hollis, and Trevor Swist shall register for "Children in the Middle." The parties shall submit written verification to the court of their participation upon completion of the program.